

STATE OF TENNESSEE

# Office of the Attorney General

**JONATHAN SKRMETTI**
ATTORNEY GENERAL AND REPORTER

November 24, 2025

Kelly L. Stephens
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

　　Re:  *NetChoice, LLC v. Skrmetti*, No. 25-5660

Dear Clerk Stephens:

　　Appellee submits this letter responding to NetChoice's November 18, 2025 notice of supplemental authority. For several reasons, *Defending Education v. Olentangy Local School District Board of Education*, No. 23-3630, 2025 WL 3102072 (6th Cir. Nov. 6, 2025) (en banc), does not support reversal.

　　NetChoice claims that *Olentangy*, a case about compelling schoolchildren to use preferred pronouns, tips the equities towards a preliminary injunction here. But in a case *that actually involved NetChoice* challenging a similar law, the Supreme Court disagreed. *NetChoice v. Fitch*, 145 S. Ct. 2658 (2025). Nothing in *Olentangy* erases *Fitch*'s "exercise [of] equitable discretion"—nor frees this Court to take a different approach in this "like case[]." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025).

　　*Olentangy* does not alter the imminence analysis, either.  There, the school's policies banned "misgendering," and children were staying silent "*now*" because of threatened imminent enforcement. *Olentangy*, 2025 WL 3102072, at *5-6 (quotation omitted).  That threat-induced "loss of First Amendment freedoms" was an "irreparable injury." *Id.* at *19.  But there's no comparable threat here. Resp. Br. 18-32.  The challenged law requires ten days' notice before enforcement and, despite being in effect for a *year*, there's been none. *Id.* at 19-20.  The district court, then,

1

did not abuse its discretion by denying extraordinary injunctive relief and inviting NetChoice to "file another motion" "if Defendant threatens or institutes enforcement actions" down the road. Opinion, R.78, at 2363. That two NetChoice members have voluntarily "stopped disseminating … protected speech to minors," NetChoice 28(j), Dkt. 27-1, cannot somehow manufacture an irreparable First Amendment injury.

    Nor does *Olentangy* help NetChoice establish imminence under *McKay*. The *McKay* factors are just that—factors. Their balance differs on different records. So while the "lack of any enforcement history" mattered little in *Olentangy* because no student "ever engag[ed] in the speech at issue," 2025 WL 3102072, at *5, the record here shows the opposite. The major social-media companies have never stopped (what they'd call) "speaking," but they've seen no enforcement. Regardless, *McKay* is only relevant here insofar as it further confirmed the district court's imminence analysis.

    Respectfully,

/s/J. Matthew Rice
J. MATTHEW RICE
*Solicitor General*

*Counsel for Defendant-Appellee*

## CERTIFICATE OF COMPLIANCE

This letter complies with Rule 28(j) because its body contains 348 words. It also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in proportionally spaced typeface using Times New Roman 14-point font in Microsoft Word.

/s/J. Matthew Rice
J. MATTHEW RICE
*Solicitor General*

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 6 Cir. R. 25(f), I certify that a true and exact copy of this letter has been filed via the Court's electronic filing system on November 24, 2025. That system sends a Notice of Docket Activity to all registered attorneys in this case. Under 6 Cir. R. 25(f)(1)(A), "[t]his constitutes service on them and no other service is necessary."

/s/J. Matthew Rice
J. MATTHEW RICE
*Solicitor General*