# LEHOTSKY KELLER COHN LLP

200 Massachusetts Ave. NW
Washington, DC 20001
Scott A. Keller
scott@lkcfirm.com

December 10, 2025

**Via ECF**

Kelly L. Stephens
Clerk of Court
Office of Clerk
United States Court of Appeals
  for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

   RE: *NetChoice, LLC v. Skrmetti*, No. 25-5660 (6th Cir.),
      Response to Defendant-Appellee's Dec. 2, 2025, 28(j) Letter

Dear Ms. Stephens:

  The Eleventh Circuit's divided, interim stay-posture decision in *CCIA v. Uthmeier*, No. 25-11881 (11th Cir. Nov. 25, 2025) ("*Uthmeier*.Op."), supports many of NetChoice's arguments in this case challenging Tennessee H.B. 1891 ("Act"). And the reasons for which Defendant-Appellee cites it are distinguishable from the issues here.

  At the outset, the Eleventh Circuit held that NetChoice has standing to challenge the Florida law in that case. *Uthmeier*.Op.6. So the court rejected an argument similar to Defendant's argument here that NetChoice lacks standing. *See* NetChoice.Reply.2-6.

  Then, the Eleventh Circuit concluded that the challenged Florida law "implicate[d] the First Amendment" and "burden[ed] the speech of both minors and adults" by: (1) requiring age verification on a handful of "social media" websites; (2) prohibiting outright certain minors from creating accounts on those websites; and

(3) requiring parental consent for another subset of minors to create accounts on those websites. *Uthmeier*.Op.8-10 & n.4. That refutes Defendant's argument that Tennessee's parental-consent and age-verification requirements to access a much broader range of "social media" websites regulate mere conduct. *See* NetChoice.Reply.14-22.

Because Florida's law is different from Tennessee's law here, *Uthmeier*'s application of intermediate scrutiny to that Florida law is inapposite. For one, the Tennessee Act's coverage provision is plainly content-based, and the *Uthmeier* decision distinguished its analysis from other courts analyzing laws with coverage provisions similar to Tennessee's. *Uthmeier*.Op.24-25 n.12; *see* NetChoice.Br.63-68; NetChoice.Reply.22-23. Even assuming *arguendo* that intermediate scrutiny applied here, Tennessee's indiscriminate regulation of nearly all "social media" to all minors is much broader than the Florida law that the *Uthmeier* majority concluded was "limited in scope" and did "not apply at all to older minors." *Uthmeier*.Op.16, 25 n.12.

Finally, NetChoice's likelihood of success on the merits here makes *Uthmeier*'s discussion of the remaining preliminary injunction factors inapplicable. The Eleventh Circuit recognized that "likelihood of success on the merits and irreparable injury . . . are the most critical" factors for preliminary injunctive relief. *Uthmeier*.Op.23 (cleaned up). Because NetChoice is likely to prevail here on the merits and the loss of First Amendment freedoms is per se irreparable injury, NetChoice is entitled to a preliminary injunction. NetChoice.Br.70-71.

                                      Respectfully submitted,

                                      */s/ Scott A. Keller*
                                      Scott A. Keller
                                      *Counsel of Record*
                                      *for Plaintiff-Appellant*

cc:      All counsel of record via ECF

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the word limit of Fed. R. App. P. 28(j) because this document contains 347 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point typeface.

*/s/ Scott A. Keller*
Scott A. Keller

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2025, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

I CERTIFY that all participants in the case are registered CM/ECF users and that the service will be accomplished by the appellate CM/ECF system.

*/s/ Scott A. Keller*
Scott A. Keller